# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN KELLY OWENS;

    Plaintiff,

v.

CITY OF LAMAR
THOMAS CAMPBELL, in his individual capacity;
AUSTIN PECK, in his individual capacity.

    Defendants.

---

## COMPLAINT AND DEMAND FOR A JURY TRIAL

---

Plaintiff, John Kelly Owens, for his Complaint and Jury Demand, states and alleges as follows:

### THE PARTIES

1. Plaintiff John Kelly Owens is a citizen of the United States and was a resident of the state of Colorado during the relevant times described herein.

2. Defendant City of Lamar is a municipal corporation in the State of Colorado. The Lamar Police Department (LPD) is a subdivision of the City of Lamar.

3. Defendant Thomas Campbell is a citizen of the United States and was a resident of the state of Colorado during the relevant times described herein. Defendant Campbell is sued in his individual capacity as a police officer in the Lamar Police Department.

4. Defendant Austin Peck is a citizen of the United States and was a resident of the state of Colorado during the relevant times described herein. Defendant Peck is sued in his individual capacity as a police officer in the Lamar Police Department.

## JURISDICTION AND VENUE

5. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the First, Fifth and Eighth Amendments United States Constitution and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Colorado, by residents of the State of Colorado.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District Court in and for the District of Colorado because the conduct complained of occurred within the City of Fort Collins which is within the District of Colorado.

## ALLEGATIONS

7. Plaintiff John Kelly Owens is an individual who records police encounters and traffic stops in public in the City of Lamar.

8. Mr. Owens is a resident of Lamar and engages in this protected activity out of an interest in public accountability and transparency.

9. Mr. Owens is well known by the officers of the LPD and is generally disliked because of his conduct.

10. On February 9, 2021, Defendant Peck stopped a vehicle traveling in Lamar on a routine traffic stop, ultimately pulling into the parking lot of the Lamar Quality Inn.

11. Mr. Owens was nearby, and seeing this traffic stop, drove to the same parking lot and parked approximately 150 feet away from this stop and began recording from the inside of his vehicle.

12. Seeing Mr. Owens, Defendant Peck called Defendant Campbell and asked that he come to confront Mr. Owens.

13. Shortly after Defendant Campbell arrived, Mr. Owens exited his vehicle to get a little closer to the traffic stop.

14. At no time did Mr. Owens approach closer than thirty (30) feet.

15. At no time did Mr. Owens take any action which suggested that he was a threat.

16. At no time did Mr. Owens take any action which disrupted this traffic stop.

17. Nonetheless, Defendant Campbell immediately confronted Mr. Owens and told him to "step back to your vehicle."

18. Defendant Campbell instructed Mr. Owens that he could not be present recording in the location that he was situated.

19. Mr. Owens was still approximately thirty (30) feet away, posed no threat, and was not speaking at all.

20. When Mr. Owens stated that he could not record the stop from his vehicle, Defendant Campbell then approached Mr. Owens and attempted to use his body to block Mr. Owens from filming the police encounter.

21. When Mr. Owens moved to his right - further from the police encounter - Defendant Campbell moved as well to ensure that his torso blocked Mr. Owen's ability to record.

22. Later, Defendant Campbell would call Mr. Owens "a bully who wants to videotape officers.

23. When another individual commented that the police didn't like that Mr. Owens was recording, Defendant Campbell demanded to see this other individual's drivers license.

24. This individual had done nothing wrong, was suspected of no crime, but when he voiced a belief that Defendant Campbell and the Lamar Police didn't like being recorded, he was threatened by Defendant Campbell.

25. The next day, Mr. Owens was arrested by Defendants Peck and Campbell for Obstructing a Police Officer under C.R.S. 18-8-104(1)(a) and Harassment under C.R.S. 18-9-111(1)(c)

26. In support of the arrest and charges of Mr. Owens, Mr. Peck stated under oath in a request for an arrest warrant that Mr. Owens had "walked around my patrol car."

27. This statement was a lie made in support of the charges of obstruction of a police officer.

28. Defendants Peck and Campbell knew that Mr. Owens had committed no act which would constitute violence, force, physical interference, or an obstacle.

29. Defendants Peck and Campbell also knew that Mr. Owens had never made any threat of using violence, force, physical interference, or an obstacle.

30. Defendants Peck and Campbell knew that Mr. Owens had committed no act which would constitute following a person in or about a public place.

31. Instead, Defendants were seeking to retaliate and punish Mr. Owens for filming them.

32. Defendants Peck and Campbell pursued these charges to trial.

33. Mr. Owens was acquitted by a jury in under an hour.

34. However, the stress and costs associated with defending himself in Court against these false charges was significant.

35. However, the Lamar Police Department's crusade against Mr. Owens was not limited to this one instance.

36. The following day, Defendant Campbell saw Mr. Owens again recording him, this time at a Loves gas station.

37. Defendant Campbell arrested Mr. Owens again, charging him this time with trespassing.

38. However, Defendant Campbell never spoke with any individual in charge of Loves as necessary for the crime of Trespass.

39. Instead, Defendant Campbell simply charged Mr. Owens out of retaliation.

40. This charge against Mr. Owens was dismissed one week before trial.

41. However, even this second incident was not the last act of retaliation by Defendant Campbell and the Lamar Police Department officers.

42. On June 23, 2022, Mr. Owens was driving through the City of Lamar when he spotted Defendant Campbell.

43. Mr. Owens gave Defendant Campbell the middle finger while driving by.

44. Defendant Thomas then contacted LPD officer Branden Kemp stating that "he did not feel that he should have to have obscene gestures directed toward him" and that "he wanted to pursue charges."

45. Mr. Kemp then wrote a citation and charged Mr. Owens with harassment.

46. Within days of the District Attorney reviewing this new charge, the case was dismissed.

47. All of this conduct constitutes a custom within this small police department of targeting and retaliating against Mr. Owens for his recording of police.

48. Multiple officers across several years have participated in this scheme to specifically target Mr. Owens for his recording and other expressive conduct.

## CAUSES OF ACTION
### COUNT I:
### 42 U.S.C. 1983 - Malicious Prosecution
### (Defendants Peck and Campbell)

49. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

50. Individual Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the LPD at all times relevant to the allegations in this Complaint.

51. Defendants initiated and continued the case without proper purpose and based on fabrication.

52. Defendants played important roles in the filing of charges against Mr. Owens.

53. All three cases were ultimately terminated in Mr. Owen's favor.

54. Mr. Owens suffered injuries as a direct and proximate result of Defendants' conduct.

### COUNT II:
### C.R.S. 13-21-131 - Malicious Prosecution
### (Defendants Peck and Campbell)

55. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

56. Individual Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the LPD at all times relevant to the allegations in this Complaint.

57. Defendants initiated and continued the case without proper purpose and based on fabrication.

58. Defendants played important roles in the filing of charges against Mr. Owens.

59. All three cases were ultimately terminated in Mr. Owen's favor.

60. Mr. Owens suffered injuries as a direct and proximate result of Defendants' conduct.

## COUNT III:
## 42 U.S.C. 1983 - False Arrest
## (Defendants Peck and Campbell)

61. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

62. Defendants knew that Mr. had committed no crime in any of the three instances in which they charged him.

63. Defendants manufactured a basis for arresting Mr. Owens instead.

64. Owing to this, Defendants knew that they lacked probable cause to arrest Mr. Owens.

65. Nonetheless, Defendants arrested Ms. Owens.

66. Ms. Owens suffered injuries as a direct and proximate result of Defendants' conduct.

## COUNT IV:
## C.R.S. 13-21-131 - False Arrest
## (Defendants Peck and Campbell)

67. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

68. Defendants knew that Mr. had committed no crime in any of the three instances in which they charged him.

69. Defendants manufactured a basis for arresting Mr. Owens instead.

70. Owing to this, Defendants knew that they lacked probable cause to arrest Mr. Owens.

71. Nonetheless, Defendants arrested Ms. Owens.

72. Ms. Owens suffered injuries as a direct and proximate result of Defendants' conduct.

## COUNT V:
## 42 U.S. C. 1983
## First Amendment Violation — Freedom of Speech and Assembly
## (All Defendants)

73. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

74. Defendants Peck and Campbell, acted under color of state law, and within the course and scope of their employment, in their capacities as officers of the LPD at all times relevant to the allegations in this Complaint.

75. Defendants are "persons" under 42 U.S.C. § 1983.

76. Plaintiff was engaged in First Amendment-protected expression.

77. The actions of Defendants would chill a reasonable person from engaging in activity protected by the First Amendment.

78. Plaintiff's expressions and conduct were a matter of public concern and did not

violate any law.

79. Plaintiff's expressions and conduct occurred in a traditional public forum.

80. Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

81. Defendants' actions were not a reasonable time, place, and manner restriction on speech.

82. Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights.

83. At the time when Defendants stopped Plaintiff from speaking and recording, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to gather, express himself, and speak freely. Any reasonable law enforcement officer knew or should have known of this clearly established right.

84. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiffs' constitutional rights.

85. Defendant Lamar has a custom of punishing individuals - principally Mr. Owens - through the filing of false charges and pursuing malicious prosecutions, for the purpose of silencing those that record their police officers.

86. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiffs suffered injuries, damages, and losses.

87. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain, and

anguish Plaintiff suffered during and after the protest, and other compensatory and special damages.

88. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## COUNT VI:
## C.R.S. 13-21-131 — Freedom of Speech and Assembly
## (All Defendants)

89. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

90. Defendants Peck and Campbell, acted under color of state law, and within the course and scope of their employment, in their capacities as officers of the LPD at all times relevant to the allegations in this Complaint.

91. Defendants are "persons" under 42 U.S.C. § 1983.

92. Plaintiff was engaged in First Amendment-protected expression.

93. The actions of Defendants would chill a reasonable person from engaging in activity protected by the First Amendment.

94. Plaintiff's expressions and conduct were a matter of public concern and did not violate any law.

95. Plaintiff's expressions and conduct occurred in a traditional public forum.

96. Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

97. Defendants' actions were not a reasonable time, place, and manner restriction on

speech.

98. Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights.

99. At the time when Defendants stopped Plaintiff from speaking and recording, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to gather, express himself, and speak freely. Any reasonable law enforcement officer knew or should have known of this clearly established right.

100. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiffs' constitutional rights.

101. Defendant Lamar has a custom of punishing individuals - principally Mr. Owens - through the filing of false charges and pursuing malicious prosecutions, for the purpose of silencing those that record their police officers.

102. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiffs suffered injuries, damages, and losses.

103. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain, and anguish Plaintiff suffered during and after the protest, and other compensatory and special damages.

104. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**CLAIM VII**

## 42 U.S.C. § 1983
## First Amendment Violation — Retaliation
## (All Defendants)

105. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

106. Defendants Peck and Campbell acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the LPD at all times relevant to the allegations in this Complaint.

107. Defendants are "persons" under 42 U.S.C. § 1983.

108. Plaintiff was engaged in First Amendment-protected expression.

109. The actions of Defendants would chill a reasonable person from engaging in activity protected by the First Amendment.

110. Plaintiff's expression and conduct was on a matter of public concern and did not violate any law.

111. Plaintiff's expression and conduct occurred in a traditional public forum.

112. Defendants jointly and on their own accord responded to Plaintiff's First Amendment protected activity with retaliation.

113. Defendants sought to punish Plaintiff for exercising his First Amendment rights, to silence them, and to deter them from gathering and speaking in the future. Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

114. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment rights.

115. At the time when Defendants retaliated against Plaintiff for exercising his First Amendment rights, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to be free from retaliation. Any reasonable law enforcement officer knew or should have known of this clearly established right.

116. Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiffs' constitutional rights.

117. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiffs' constitutional rights.

118. Defendants stopped Plaintiff from engaging in expressive activity.

119. Defendant Lamar has a custom of punishing individuals - principally Mr. Owens - through the filing of false charges and pursuing malicious prosecutions, for the purpose of silencing those that record their police officers.

120. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

121. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the protest, and other compensatory and special damages.

122. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by

the Constitution of the United States of America.

## CLAIM VIII
### C.R.S. 13-21-131 Free Speech Retaliation
### (All Defendants)

123. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

124. Defendants Peck and Campbell acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers for the LPD at all times relevant to the allegations in this Complaint.

125. Defendants are "persons" under 42 U.S.C. § 1983.

126. Plaintiff was engaged in First Amendment-protected expression.

127. The actions of Defendants would chill a reasonable person from engaging in activity protected by the First Amendment.

128. Plaintiff's expression and conduct was on a matter of public concern and did not violate any law.

129. Plaintiff's expression and conduct occurred in a traditional public forum.

130. Defendants jointly and on their own accord responded to Plaintiff's First Amendment protected activity with retaliation.

131. Defendants sought to punish Plaintiff for exercising his First Amendment rights, to silence them, and to deter them from gathering and speaking in the future. Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

132. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of

his First Amendment rights.

133. At the time when Defendants retaliated against Plaintiff for exercising his First Amendment rights, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to be free from retaliation. Any reasonable law enforcement officer knew or should have known of this clearly established right.

134. Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiffs' constitutional rights.

135. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiffs' constitutional rights.

136. Defendants stopped Plaintiff from engaging in expressive activity.

137. Defendant Lamar has a custom of punishing individuals - principally Mr. Owens - through the filing of false charges and pursuing malicious prosecutions, for the purpose of silencing those that record their police officers.

138. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

139. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after the protest, and other compensatory and special damages.

140. Defendants' intentional actions or inactions as described herein intentionally deprived

Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory relief and other appropriate equitable relief;
2. Economic losses on all claims as allowed by law;
3. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
4. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988 and C.R.S. 13-21-131 including expert witness fees, on all claims allowed by law;
6. Pre-and post-judgment interest at the lawful rate; and
7. Any other appropriate relief at law and equity that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable.

Respectfully submitted this 8th day of February 2023.

<u>E. Milo Schwab</u>
E. Milo Schwab
2401 S Downing
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

**ATTORNEY FOR PLAINTIFF**
